**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000049**
**21-MAR-2012**
**09:15 AM**

NO. CAAP-11-0000049

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
CHRIST V. NGO, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 09-1-1198)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Leonard and Ginoza, JJ.)

Defendant-Appellant Christ V. Ngo (Ngo) appeals from the Judgment of Conviction and Probation Sentence filed November 30, 2010 in the Circuit Court of the First Circuit (circuit court).[1] In a bench trial,[2] Ngo was convicted and found guilty of "Accidents Involving Death or Serious Bodily Injury," in violation of Hawaii Revised Statutes (HRS) § 291C-12 (2007 Repl.). Ngo was sentenced to five years' probation with mandatory and special conditions.

On appeal, Ngo contends that:

(1) The circuit court committed plain error and

_____

[1] The Honorable Edwin C. Nacino presided.

[2] The Honorable Michael A. Town presided.

violated Ngo's constitutional right to a trial before a fair and impartial tribunal by its excessive questioning, eliciting evidence upon which the circuit court specifically based its finding of guilt.  In the alternative, Ngo's trial counsel was ineffective for failing to object to the circuit court's excessive questioning.

(2) There was insufficient evidence to convict Ngo under HRS § 291C-12 and HRS § 291C-14 (2007 Repl.) when Ngo reported the accident "forthwith" to a police officer by turning himself in twelve hours after the accident.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Ngo's points of error as follows:

The circuit court did not err when it questioned Lance Fung Chen Pen (Lance) during the bench trial.  Ngo contends the circuit court committed plain error by its "unduly extended, rigorous, and specific questioning" of Lance which "favored the prosecution[] and discredited the defense."  Even though Ngo did not object to this line of questioning at trial, he asserts the questioning was not harmless and therefore constituted plain error reviewable by this court.  Hawai'i Rules of Penal Procedure (HRPP) Rule 52(b).  In the alternative, Ngo argues he was denied his constitutional right to effective assistance of counsel when his counsel failed to object to the circuit court's excessive questioning.

We review a circuit court's questioning of a witness at a bench trial for abuse of discretion.  State v. Sprattling, 99 Hawai'i 312, 317, 55 P.3d 276, 281 (internal quotation marks and citation omitted).  Because Ngo did not object to the circuit court's questioning at trial, we review the alleged error under the plain error standard, which we only apply "to correct errors

2

which seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights." State v. Nichols, 111 Hawai'i 327, 334, 141 P.3d 974, 981 (2006) (quoting State v. Sawyer, 88 Hawai'i 325, 330, 966 P.2d 637, 642 (1998)).

Hawaii Rules of Evidence (HRE) Rule 614 provides that the circuit court may interrogate witnesses.[3] A trial judge's right "to question witnesses has long been recognized as fundamental in the Anglo-American adversary system." Commentary to HRE Rule 614(b)(1993) (citing McCormick, Evidence, § 8 (2d ed. 1972) and 9 Wigmore, Evidence § 2484 (3d ed. 1940)). In a jury trial, the circuit court must exercise care in its interrogation so as not to give rise to jury bias; but in a bench trial, the circuit court "is accorded considerably greater discretion in the questioning of witnesses." State v. Hutch, 75 Haw. 307, 326 n.8, 861 P.2d 11, 21 n.8 (1993). "In such cases, it is the judge who is the trier of fact, and, accordingly, there is no possibility of jury bias; under the circumstances, the judge's duty to clarify testimony and fully develop the truth in the case becomes particularly heightened." Id. Also, although "it may be improper for a judge to conduct an unduly extended examination of any witness[,]" 81 Am. Jur. 2d Witnesses § 701 (2004), the circuit court's examination of Lance only covered four pages of a seventy-page transcript.

A careful review of the record reveals that the examination merely served to clarify Lance's responses on direct and cross-examination and to further elicit material facts. The

---

[3] HRE Rule 614 provides in relevant part:

> **Rule 614 Calling and interrogation of witness by court.** (a) Calling by court. The court may, on its own motion or at the suggestion of a party, call witnesses, and all parties are entitled to cross-examine witnesses thus called.
> (b) Interrogation by court. The court may interrogate witnesses, whether called by itself or a party.

circuit court's questions confirmed that someone had told Lance at the Kapahulu Shell gas station (Shell station) that a person had been run over.  Further questions clarified who that reporting person was, what he was doing at the Shell station, how he knew someone got run over, and who heard the discussion.

"A trial judge has a duty to see that a fair trial is at all times maintained and that the truth is brought forward so that justice may prevail."  Territory v. Van Culin, 36 Haw. 153, 161 (1942).  "[A] trial judge has the right to examine witnesses to elicit pertinent material facts not brought out by either party or to clarify testimony."  Hutch, 75 Haw. at 327, 861 P.2d at 21 (quoting State v. Schutter, 60 Haw. 221, 222, 588 P.2d 428, 429 (1978)).  Accordingly, we hold that the circuit court did not abuse its discretion in its questioning of Lance.

Ngo argues in the alternative that his counsel was ineffective for failing to object to the circuit court's questioning of Lance.  Because the circuit court's questioning was not improper, counsel had no basis to object, so Ngo was not denied his right to effective assistance of counsel.

The circuit court also did not err when it found sufficient evidence to convict Ngo when he did not report the accident "forthwith," in violation of HRS §§ 291C-12 and 291C-14.  "The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.  Indeed, even if it could be said in a bench trial that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed."  State v. Matavale, 115 Hawaiʻi 149, 157-158, 166 P.3d 322, 330-331 (2007).  "And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence."  State v. Batson, 73 Haw. 236, 249, 831 P.2d 924, 931 (1992).  "An

appellate court will not pass upon the trial judge's decisions with respect to the credibility of witnesses and the weight of the evidence, because this is the province of the trial judge." State v. Eastman, 81 Hawai'i 131, 139, 913 P.2d 57, 65 (1996).

HRS § 291C-12 sets forth in relevant part:

> §291C-12 **Accidents involving death or serious bodily injury.** (a) The driver of any vehicle involved in an accident resulting in serious bodily injury to or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until the driver has fulfilled the requirements of section 291C-14. Every such stop shall be made without obstructing traffic more than is necessary.

(Emphasis added.)

HRS § 291C-14 provides in relevant part:

> §291C-14 **Duty to give information and render aid.** (a) The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle or other property which is driven or attended by any person shall give the driver's name, address, and the registration number of the vehicle the driver is driving, and shall upon request and if available exhibit the driver's license or permit to drive to any person injured in the accident or to the driver or occupant of or person attending any vehicle or other property damaged in the accident and shall give such information and upon request exhibit such license or permit to any police officer at the scene of the accident or who is investigating the accident and shall render to any person injured in the accident reasonable assistance[.]
>
> (b) In the event that none of the persons specified is in condition to receive the information to which they otherwise would be entitled under subsection (a), and no police officer is present, the driver of any vehicle involved in the accident after fulfilling all other requirements of section 291C-12, 291C-12.5, or 291C-12.6, and subsection (a) of this section, insofar as possible on the driver's part to be performed, shall forthwith report the accident to the nearest police officer and submit thereto the information specified in subsection (a).

(Emphasis added.)

Black's Law Dictionary defines "forthwith" as: "1. Immediately; without delay. 2. Directly; promptly; within a reasonable time under the circumstances." Black's Law Dictionary 725 (9th ed. 2009).

Ngo contends that reporting the accident to the police twelve hours later met the statutory requirement to report the accident "forthwith." He argues that "forthwith" does not require instantaneous action but instead, action "within a reasonable time under the circumstances."

The Hawai'i Supreme Court has repeatedly stated that, when interpreting a statute, an appellate court's

> foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And where the language of the statute is plain and unambiguous, [a court's] only duty is to give effect to [the statute's] plain and obvious meaning.

State v. Wells, 78 Hawai'i 373, 376, 894 P.2d 70, 73 (1995) (internal quotation marks, citations, and brackets in original omitted). "It is a basic rule of statutory interpretation that provisions of a penal statute will be accorded a limited and reasonable interpretation in order to preserve its overall purpose and to avoid absurd results." State v. Bayly, 118 Hawai'i 1, 7, 185 P.3d 186, 192 (2008) (citation, brackets, and ellipsis omitted).

Under Ngo's argument, "forthwith" could mean as long as twelve hours later. Such an interpretation would lead to an absurd result, where a driver involved in an accident could leave the scene and not return for up to twelve hours to give information and render aid, yet meet the requirements of HRS §§ 291C-12 and 291C-14.

The circuit court did not err when it found there was substantial evidence to support the conclusion that by the time Ngo reached the Shell station, he knew he had run over someone and he failed to report the accident to the police within a time frame that would meet the requirements of HRS §§ 291C-12 and 291C-14 to report the accident "forthwith."

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Probation Sentence filed November 30, 2010 in the Circuit Court of the First Circuit is affirmed.

DATED:   Honolulu, Hawaiʻi, March 21, 2012.

On the briefs:

Karen T. Nakasone
Deputy Public Defender
for Defendant-Appellant.

Brian R. Vincent
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge